FILED

14 DEC -2 PM 1: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRIAN DASILVA, CDCR #V-82994, | Civil No.    14cv2442 WQH (MDD) |
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)** |
| vs. | **(2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 3)** |
| PADILLA; A.B. GERVIN; AMY MILLER; SAIS; CALDERON; GREENWOOD; RIVAS; RUIZ; ERECE; JOHN DOE; LOPEZ; CHAVEZ; DOMINGUEZ | **AND** |
| Defendants. | **(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Michael Brian Dasilva ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff claims his constitutional rights were violated when he was housed at Centinela State Prison. *See* Compl. at 1. Plaintiff seeks general and punitive damages, and he alleges to have exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing suit. *Id.* at 7.

Plaintiff has not prepaid the filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2), along with a Motion to Appoint Counsel (Doc. No. 3).

## I.

## Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  month's income, in any month in which his account exceeds $10, and forward them to

2  the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

3      In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

4  account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

5  *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement

6  and has determined that Plaintiff has no available funds from which to pay filing fees at

7  this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

8  prohibited from bringing a civil action or appealing a civil action or criminal judgment

9  for the reason that the prisoner has no assets and no means by which to pay the initial

10 partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as

11 a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure

12 to pay . . . due to the lack of funds available to him when payment is ordered.").

13     Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2) and

14 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

15 balance of the filing fees due shall be collected and forwarded to the Clerk of the Court

16 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

17                                      **II.**

18              **Motion for Appointment of Counsel (Doc. No. 3)**

19     Plaintiff also requests appointment of counsel. However, "[t]here is no

20 constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d

21 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

22 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363

23 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation

24 omitted). Federal courts do not have the authority "to make coercive appointments of

25 counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also*

26 *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

27     Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request"

28 that an attorney represent indigent civil litigants upon a showing of "exceptional

circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. However, a finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court notes that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a person proceeding in pro se, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony.").

As currently pleaded, Plaintiff's Complaint demonstrates his ability to articulate the essential facts supporting his claim. Thus, at least at this initial pleading stage, the Court finds he appears to have an adequate grasp of the relevant facts as well as the relatively straightforward legal issue involved. *See Terrell*, 935 F.2d at 1017. In fact, as discussed below, the Court finds Plaintiff's allegations are sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff has not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1), however, his Motion for Appointment of Counsel (Doc. No. 3) must be DENIED without prejudice at this time.

## III.

### Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) & § 1915A(b)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by

1  those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

2  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

3  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

4  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these

5  provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions

6  thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

7  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*

8  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*

9  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

10  "[W]hen determining whether a complaint states a claim, a court must accept as

11  true all allegations of material fact and must construe those facts in the light most

12  favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also*

13  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)

14  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while

15  a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted

16  inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal

17  quotation marks and citation omitted).  Thus, while the court "ha[s] an obligation where

18  the petitioner is pro se, particularly in civil rights cases, to construe the pleadings

19  liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d

20  338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

21  1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey*

22  *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

23  The Court finds that Plaintiff's Complaint alleges claims sufficient to survive the

24  sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Therefore,

25  the Court will authorize U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d

26  at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

27  process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that

28  "service be effected by a United States marshal, deputy United States marshal, or other

1  officer specially appointed by the court . . . when the plaintiff is authorized to proceed

2  *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

### IV.

### Conclusion and Order

5  Good cause appearing, IT IS HEREBY ORDERED:

6  1.  Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED without

7  prejudice.

8  2.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No.

9  2) is GRANTED.

10  3.  The Secretary of the California Department of Corrections and

11  Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the

12  $350 filing fee owed in this case by collecting monthly payments from the account in an

13  amount equal to twenty percent (20%) of the preceding month's income and forward

14  payments to the Clerk of the Court each time the amount in the account exceeds $10 in

15  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

16  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

17  4.  The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

18  A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

19  942883, Sacramento, California, 94283-0001.

20  IT IS FURTHER ORDERED that:

21  5.  The Clerk will issue a summons upon Defendants, and forward it to Plaintiff

22  along with a blank U.S. Marshal (USM) Form 285 for each Defendant.  In addition, the

23  Clerk is directed to provide Plaintiff with a copy of this Order, and a copy of his

24  Complaint and summons for purposes of serving each Defendant.  Upon receipt of this

25  "IFP Package," Plaintiff is directed to complete the USM Form 285s as completely and

26  accurately as possible, and to return them to the United States Marshal according to the

27  instructions provided by the Clerk in the letter accompanying his IFP package.

28  Thereafter, the U.S. Marshal is ORDERED to serve a copy of the Complaint and

1    summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs

2    of service will be advanced by the United States.

3        6.     Plaintiff must serve upon Defendants or, if appearance has been entered by

4    counsel, upon Defendants' counsel, a copy of every further pleading or other document

5    submitted for consideration of the Court. Plaintiff must include with the original paper

6    to be filed with the Clerk of the Court a certificate stating the manner in which a true and

7    correct copy of that document was served on Defendants, or counsel for Defendants, and

8    the date of that service. Any paper received by the Court which has not been filed with

9    the Clerk or which fails to include a Certificate of Service will be disregarded.

11    DATED: _____11/26/14_____        _____

12                                    HON. WILLIAM Q. HAYES
                                      United States District Judge