1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA

10   MICHAEL BRIAN DASILVA,              Case No.:  14-cv-2442-WQH-MDD
11                        Plaintiff,
                                          **REPORT AND**
12   v.                                   **RECOMMENDATION RE:**
                                          **PARTIAL MOTION TO DISMISS**
13   PADILLA, et al.,                     **PLAINTIFF'S SECOND**
                                          **AMENDED COMPLAINT**
14                        Defendants.
15                                        **[ECF No. 67]**
16

17      This Report and Recommendation is submitted to United States

18   District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and

19   Local Civil Rule 72.1(c) of the United States District Court for the

20   Southern District of California.

21      For the reasons set forth herein, the Court **RECOMMENDS**

22   Defendants' partial motion to dismiss Plaintiff's Second Amended Complaint

23   be **GRANTED IN PART** and **DENIED IN PART**.

24   **I. PREVIOUSLY DISMISSED CLAIMS**

25      In the Second Amended Complaint ("SAC"), Plaintiff realleges the same

26   claims dismissed previously by the District Judge on this Court's

27   recommendation.  (ECF Nos. 49, 57).  The District Judge  dismissed claim

1

one in its entirety, parts of claim three, and claims two and four regarding Defendant Gervin only.  (ECF No. 57 at 3).  The dismissal of claims two and four regarding Defendant Gervin was based upon Plaintiff's failure to allege that Defendant Gervin's conduct did not advance a legitimate correctional goal.  (*Id.*).

The SAC adds the allegation that Defendants' conduct did not advance a legitimate correctional goal.  (ECF No. 66 at 18 ¶61).  The new allegation applies to all Defendants but only has meaning in connection with claims two and four regarding Defendant Gervin.  The significance of the new allegation regarding Defendant Gervin will be discussed below.

Regarding the previously dismissed claims realleged in the SAC, except for claims two and four against Defendant Gervin, the Court **RECOMMENDS** that these claims be **DISMISSED WITH PREJUDICE.**

## II. PROCEDURAL HISTORY

Plaintiff filed the First Amended Complaint ("FAC") on April 28, 2015.  (ECF No. 35).  On May 12, 2015, Defendants filed a partial motion to dismiss the FAC for failure to state a claim.  (ECF No. 37).  On October 7, 2015, this Court issued a Report and Recommendation recommending Defendants' partial motion to dismiss the FAC be granted.  (ECF No. 49).  On February 8, 2016, District Judge William Q. Hayes adopted the Report and Recommendation and granted Defendants' partial motion to dismiss.  (ECF No. 57).

In adopting the Report and Recommendation, the district judge dismissed Plaintiff's second and fourth claims against Defendant Gervin because Plaintiff failed to allege the fifth element of a retaliatory grievance claim.  (ECF Nos. 49 at 16, 57 at 3).  More specifically, Plaintiff failed to

allege that Defendant Gervin's conduct did not advance a legitimate correctional goal.  (*Id*.).

The SAC realleges all claims in the FAC and is identical to the FAC with one difference.  (ECF Nos. 35, 66).  The difference is Plaintiff addresses his prior defect by adding an additional paragraph stating that Defendants' actions "did not reasonably advance any legitimate correctional goals."  (ECF No. 66 at 18 ¶61).  The paragraph applies to all Defendants but is designed to address the defect with respect to Defendant Gervin in the second and fourth claims.

Defendants raise all of the same challenges in this partial motion to dismiss the SAC that they raised in the partial motion to dismiss the FAC.  (ECF Nos. 26, 67).  The only new issues are whether Plaintiff sufficiently pled that Defendant Gervin's actions did not reasonably advance any legitimate correctional goals and whether Plaintiff sufficiently alleged facts to demonstrate Plaintiff engaged in protected conduct.

## III. STATEMENT OF FACTS

### A. Background Facts

All facts are taken from the SAC and are not to be construed as findings by the Court.

On March 12, 2013, while Plaintiff was incarcerated at Centinela State Prison, Defendant Lieutenant Gervin interviewed Plaintiff regarding a Form 602 Appeal ("grievance").  (ECF No. 66 at 5 ¶ 1).  Plaintiff alleges Gervin was "extremely abrasive, hostile, and derogatory."  (*Id*.).  Plaintiff claims Gervin belittled him.  (*Id*. ¶ 2).  Plaintiff said "whatever dude," to which Gervin responded "aren't you a disrespectful little bitch."  (*Id*.).  A verbal altercation followed and the interview was terminated.  (*Id*.).

1   Plaintiff met with Defendant Assistant Warden Calderon after the
2   incident and reported Gervin's behavior. (*Id.* ¶ 3). Calderon expressed
3   concern about Gervin's behavior and told Plaintiff he would handle the
4   matter. (*Id.* ¶ 4). On March 18, 2013, Plaintiff received notice Gervin
5   cancelled Plaintiff's grievance. (*Id.* ¶ 5). Plaintiff alleges the cancellation
6   notice states Gervin cancelled his grievance because of Plaintiff's behavior
7   during the interview. (*Id.*). Plaintiff claims Gervin also filed a false report
8   against him. (*Id.*). Plaintiff alleges Gervin took these actions "to dissuade
9   Plaintiff from further using the grievance process." (*Id.* at 13 ¶ 40).

10   Plaintiff spoke with Calderon two more times regarding Gervin's
11   conduct. (Id. at 5-6 ¶ 6). Additionally, Plaintiff filed a Form 22 Request for
12   Interview ("Form 22") and another grievance. (*Id.*).

13   **IV. LEGAL STANDARD**

14   "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro*
15   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil
16   Procedure 8(a)(2), a pleading must contain a short and plain statement of the
17   claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556
18   U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must
19   provide the Court with "more than an un-adorned, the-defendant-unlawfully-
20   harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v.*
21   *Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of
22   a cause of action, supported by mere conclusory statements will not suffice."
23   *Iqbal*, 556 U.S. at 678. "Although for the purposes of a motion to dismiss [a
24   court] must take all of the factual allegations in the complaint as true, [a
25   court is] not bound to accept as true a legal conclusion couched as a factual
26   allegation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

27

14-cv-2442-WQH-MDD

1    On a motion to dismiss for failure to state a claim, a *pro se* pleading is

2    construed liberally.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)

3    (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)).  The *pro*

4    *se* pleader must still set out facts in his complaint that bring his claims

5    "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  A

6    court "may not supply essential elements of the claim that were not initially

7    pled."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

8    **V. DISCUSSION**

9    **A. Claim Two: Right to Petition the Government for**

10   **Redress of Grievances and Claim Four: Retaliation**

11   In his second and fourth causes of action, Plaintiff alleges Defendant

12   Gervin engaged in retaliatory conduct and interfered with his right to

13   petition for redress of grievances.  (ECF No. 66 at 13 ¶ 40, 18 ¶ 59).  Plaintiff

14   alleges Gervin filed a false report about Plaintiff and verbally abused him

15   during an interview.  (*Id.* at 18 ¶ 59).  Plaintiff alleges Gervin's retaliatory

16   conduct was designed to dissuade Plaintiff from using the grievance process.

17   (*Id.* at 13 ¶ 40).

18   Defendants challenge Plaintiff's second and fourth claims only as to the

19   allegations of retaliatory conduct against Defendant Gervin.  (ECF No. 67 at

20   10-15).  Defendants do not challenge Plaintiff's claims against Defendants

21   Calderon, Dominguez, Erece, Greenwood, Miller, Padilla, Rivas and Sais for

22   retaliatory conduct arising from the destruction of his property, prison

23   transfer, withholding mail or interfering with the prison grievance process.

24   (*Id.*).

25   Defendants argue Plaintiff fails to state a claim against Gervin for

26   retaliation and redress of grievances because Plaintiff failed to sufficiently

27

5

allege he was engaged in protected conduct giving rise to a retaliation claim and that Gervin did not have a legitimate correctional goal. (*Id.* at 10, 15).

### 1. Plaintiff Pled Sufficient Facts to Establish Gervin's Actions Did Not Reasonably Advance a Legitimate Correctional Goal

Plaintiff sufficiently pled Defendant Gervin's actions did not reasonably advance a legitimate correctional goal by alleging that, after Plaintiff filed a grievance and attempted to appeal it, Gervin made a false report about Plaintiff in retaliation for Plaintiff filing a grievance without reasonably advancing any legitimate correctional goal. (ECF No. 66).

A plaintiff must plead five elements to state a claim for retaliation under § 1983:

> (1) a state actor took an adverse action against him (2) because of (3) the prisoner's protected conduct, and that the action taken against him (4) chilled the prisoner's exercise of his First Amendment Rights and (5) did not reasonably advance a legitimate correctional goal.

*Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (quoting *Rhodes*, 408 F.3d at 567).

There is no dispute that Plaintiff adequately alleges Gervin is a state actor, that Gervin took adverse action against Plaintiff, and that Gervin did so to dissuade Plaintiff from exercising his First Amendment rights. (ECF No. 35 at 5 ¶¶ 1, 5; 13 ¶ 40; 18 ¶ 60). The issue is whether Plaintiff adequately pled that Gervin's actions "did not reasonably advance a legitimate correctional goal."

To successfully plead Defendants' actions did not reasonably advance a legitimate correctional goal, the Plaintiff must "allege that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such

14-cv-2442-WQH-MDD

1    goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (1985).  Basic factual allegations

2    coupled with allegations that a Defendant's actions were "retaliatory and

3    arbitrary and capricious" are sufficient to allege the retaliatory acts were not

4    a reasonable exercise of prison authority and did not serve any legitimate

5    correctional goal.  *Rizzo*, 778 F.2d at 532 n.4 (plaintiff sufficiently pled lack of

6    legitimate correctional goal by alleging a prison official acted in a retaliatory

7    and capricious manner when they recommended the plaintiff be reassigned

8    on the basis of too many library passes).  A conclusory allegation that the

9    retaliation is arbitrary, unsupported by any facts, would be insufficient.  *See*

10   *id.*  But when the same conclusory allegation is coupled with some factual

11   details the pleading is sufficient.  *See id.*

12        In this case, Plaintiff pled some supporting facts by alleging Gervin

13   filed a false complaint and verbally assaulted Plaintiff to retaliate against

14   Plaintiff for using the grievance process.  (ECF No. 66).

15        Defendants correctly argue that mere verbal abuse by Gervin does not

16   constitute retaliatory action against Plaintiff.  (EFC No. 67 at 11-13); *Keenan*

17   *v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *see Ayotte v. Barnhart*, 973 F.

18   Supp. 2d 70, 94 (D. Me. 2013).  The Ninth Circuit has held, however, that

19   allegations of prison officials filing a false complaint about a prisoner and

20   making false statements to a disciplinary board, are sufficient to sustain a

21   retaliation claim.  *See Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012).

22   In *Watison*, the plaintiff sufficiently alleged "the absence of a legitimate

23   penological reason for the alleged adverse actions: Watison pleaded arbitrary,

24   capricious, and retaliatory conduct in pleading that (a) [defendant] filed a

25   *false* disciplinary complaint against him and (b) [defendant] made *false*

26   statements to the parole board, both in retaliation for filing grievances

27   [plaintiff] had filed against [defendant]."  *Id.*  Here, as in *Watison*, the alleged

7

*false* complaint is sufficient, even though the allegations of verbal abuse would be insufficient on their own.  (ECF No. 66 at 13 ¶ 40 and 18 ¶ 59). Plaintiff sufficiently pled the fifth element of a retaliation claim.

The Ninth Circuit has also held that a conclusory allegation paired with a chronology showing retaliation is sufficient to state a claim.  *See Tomel v. Hawaii*, 570 F. App'x 717, 719 (9th Cir. 2014) (citing *Watison*, 668 F.3d at 1115) (finding similar chronology of events sufficient).  Here, the chronology of the alleged events demonstrates that Plaintiff filed a grievance, and then an official filed a false report against him and verbally harassed him.  (ECF No. 66).  These allegations are sufficient to plead the causal connection between Plaintiff's grievance and Gervin's conduct to support the allegation that Gervin's conduct lacked a legitimate penological interest.  Plaintiff's new allegation, considered in context with his original allegations, satisfies the fifth element because a causal connection was demonstrated and Plaintiff asserted a lack of penological interest.

Plaintiff pled sufficient facts to support a retaliation claim as required to sustain the second and fourth claims against Defendant Gervin.

### 2. Protected Conduct

The Court now turns to whether Plaintiff sufficiently pled facts to establish his conduct was protected.

Plaintiff pled sufficient facts to establish he was engaged in protected conduct because prisoners retain the right to file prison grievances and pursue civil rights litigation.  *Rhodes v. Robinson*, 380 F.3d 1123, 1130 (9th Cir. 2004) *amended on other grounds by Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005) (*reh'g denied*).  "In the First Amendment context . . . a prisoner retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological interests of the

8

corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." *Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff alleges that Defendant Gervin deliberately retaliated against him for exercising his right to file prison grievances. (ECF 66 at 18 ¶ 9).

The right to petition the government for redress of grievances is constitutionally protected conduct. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011); *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004). "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). The right to petition the government for redress of grievances includes, but is not limited to, an inmate's right to be free from retaliation for filing grievances. *See Gleason v. Villamarin*, No. CV 14-00087-CBM DFM, 2014 WL 658388, at *3 (C.D. Cal. Feb. 18, 2014); *see also Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *Hines v. Gomez*, 853 F. Supp. 329, 331 (N.D. Cal. 1994).

Because Plaintiff alleges that Defendant Gervin retaliated against him and interfered with his ability to petition the government for redress of his grievances, Plaintiff sufficiently pled protected conduct in his second and fourth claims against Gervin. (ECF 66 at 13 ¶ 40).

Accordingly, the Court **RECOMMENDS** Defendant's motion to dismiss the second and fourth claims against Gervin be **DENIED**.

## VI.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and

9

Recommendation; (2) **DENYING** Defendants' partial motion to dismiss with respect to Plaintiff's second and fourth claims against Defendant Gervin for retaliation arising out of the interview; and (3) **GRANTING** Defendant's partial motion to dismiss for the following re-alleged claims:

- Plaintiff's first claim for access to courts as to all Defendants; and
- Plaintiff's third claim for violation of Due Process against

Defendants Calderon, Dominguez, Padilla, Miller, and Sais arising from destruction of Plaintiff's property, denial of Plaintiff's property claim, and the transfer of Plaintiff to another prison.  This Court further **RECOMMENDS** that these re-alleged claims be **DISMISSED WITH PREJUDICE**.

If the Court's recommendations are adopted, the following claims remain PENDING:

- Plaintiff's second claim for denial of the right to petition the government for redress of grievances against Defendants Calderon, Dominguez, Gervin, Greenwood, Miller, Padilla, Rivas and Sais arising from interference with the prison grievance process;
- Plaintiff's third claim for violation of Due Process against Defendants Erece, Greenwood, John Doe, Padilla, Rivas, Ruiz, and Sais arising from failing to notify superiors of Plaintiff's grievances, refusing Plaintiff law library access, and the withholding of Plaintiff's legal mail;
- Plaintiff's fourth claim for retaliation against Defendants Calderon, Dominguez, Erece, Gervin, Greenwood, John Doe, Miller, Padilla, Rivas, and Sais arising from the deprivation of Plaintiff's property, transfer to Tehachapi State Prison, withholding Plaintiff's legal mail, and filing false allegations and reports against Plaintiff; and
- Plaintiff's fifth claim alleging related state law claims.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **July 20, 2016**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **July 27, 2016**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   July 6, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge

14-cv-2442-WQH-MDD