# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL BRIAN DASILVA,

    Plaintiff,

v.

PADILLA, et al,

    Defendant.

CASE NO. 14cv2442-WQH-MDD

ORDER

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 75) issued by United States Magistrate Judge Mitchell D. Dembin.

**I. Background**

On October 10, 2014, Plaintiff, a state prisoner proceeding *pro se*, initiated this action by filing a lawsuit in this Court based on civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1). On October 10, 2014, Plaintiff filed a motion for leave to proceed in forma pauperis. (ECF No. 2). On December 2, 2014, the Court granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 4).

On April 28, 2015, Plaintiff filed a First Amended Complaint. (ECF No. 35). On May 12, 2015, Defendants filed a partial motion to dismiss the First Amended Complaint. (ECF No. 37). On October 7, 2015, Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation, recommending that the Court grant Defendants' partial motion to dismiss. (ECF No. 49). On February 9, 2016, the Court issued an Order adopting the Report and Recommendation in its entirety and granting

1  Defendants' partial motion to dismiss. (ECF No. 57). On March 1, 2016, Plaintiff filed
2  a motion to alter or amend the judgment. (ECF No. 63). On March 9, 2016, the Court
3  issued an Order granting Plaintiff's motion for leave to file an amended complaint and
4  denying the motion to alter or amend the judgment as moot. (ECF No. 65).

5       On March 9, 2016, Plaintiff filed the Second Amended Commplaint, which
6  became the operative pleading. (ECF No. 66). On March 22, 2016, Defendants filed
7  a partial motion to dismiss the Second Amended Complaint. (ECF No. 66). On May
8  9, 2016, Plaintiff filed an opposition to the partial motion to dismiss. (ECF No. 72).
9  On May 13, 2016, Defendants filed a reply. (ECF No. 73).

10      On July 6, 2016, Magistrate Judge Mitchell D. Dembin issued a Report and
11 Recommendation, recommending that the Court grant in part and deny in part the
12 partial motion to dismiss the Second Amended Complaint. (ECF No. 75). The Report
13 and Recommendation states, "Regarding the previously dismissed claims realleged in
14 the SAC, except for claims two and four against Defendant Gervin, the Court
15 RECOMMENDS that these claims be DISMISSED WITH PREJUDICE." *Id.* at 2. The
16 Report and Recommendation states, "Defendants do not challenge Plaintiff's claims
17 against Defendants Calderon, Dominguez, Erece, Greenwood, Miller, Padilla, Rivas and
18 Sais for retaliatory conduct . . . ." *Id.* at 5. The Report and Recommendation states that
19 "Plaintif sufficiently pled Defendant Gervin's actions did not reasonably advance a
20 legitimate correctional goal . . . ." *Id.* at 6. The Magistrate Judge ordered that any
21 objections to the Report and Recommendation be filed no later than July 20, 2016. *Id.*
22 at 11. The docket reflects that no objections have been filed.

23 **II. Discussion**

24      The duties of the district court in connection with a report and recommendation
25 of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28
26 U.S.C. § 636(b). The district judge must "make a de novo determination of those
27 portions of the report . . . to which objection is made," and "may accept, reject, or
28 modify, in whole or in part, the findings or recommendations made by the magistrate."

28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The parties do not object to the Report and Recommendation. The Court has reviewed the Report and Recommendation, the record, and the submissions of the parties. The Court concludes that the Magistrate Judge correctly recommended that Defendants' partial motion to dismiss be granted in part and denied in part. The Report and Recommendation is adopted in its entirety.

## III. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 75) is adopted in its entirety. Defendants' partial motion to dismiss (ECF No. 67) is granted in part and denied in part. The Court dismisses with prejudice Plaintiff's first claim for access to courts as to all Defendants; and Plaintiff's third claim for violation of Due Process against Defendants Calderon, Dominguez, Padilla, Miller, and Sais arising from destruction of Plaintiff's property, denial of of Plaintiff's property claim, and the transfer of Plaintiff to another prison.

///
///
///
///
///
///
///
///

Plaintiff's remaining claims include Plaintiff's second claim for the denial of the

right to petition the government for redress of grievances against Defendants Calderon, Dominguez, Gervin, Greenwood, Miller, Padilla, Rivas, and Sais; Plaintiff's third claim for violation of Due Process against Defendants Erece, Greenwood, John Doe, Padilla, Rivas, Ruiz, and Sais arising from failing to notify superiors of Plaintiff's grievances, refusing Plaintiff law library access, and withholding of Plaintiff's legal mail; Plaintiff's fourth claim for retaliation against Defendants Calderon, Dominguez, Erece, Gervin, Greenwood, John Doe, Miller, Padilla, Rivas, and Sais; and Plaintiff's fifth claim alleging related state law claims.

DATED: August 11, 2016

**WILLIAM Q. HAYES**
United States District Judge